## Estate of Charles H. Fetherman, deceased. Appeal of Harriet F. Fetherman, Executrix of Peter H. Fetherman, deceased.

*Will—Construction of—Trusts and trustees—Active trust—Life estate—"Children."*

Testator by his will gave all his property to his six children, by name, "share and share alike," and directed that the share of one of them, to wit, his son P., should be held in trust by a trustee to be appointed by the orphans' court, who should invest the share in a manner specified, and "pay over the interest or dividends thereof, from time to time when the same shall be received, to my son P., during his natural life, free from his debts, contracts or engagements; and, from and after his decease, then, as to the principal, in trust to and for the only proper use and benefit of all and every child and children by his first wife which he my said son P. may leave and the lawful issue of any of them who may then be deceased, having left such issue, to be equally divided between them, share and share alike; such issue of any deceased child or children of my said son P. taking, however, only such part or share thereof as his, her or their deceased parent or parents would have taken, had he, she or they been living." When the will was executed P. had six children living, five by his first and one by his second wife. *Held,* (1) that the will created an active special trust for P. for life, with limitation over of the corpus of the trust to his children by his first wife; (2) that the word "children" was used in its ordinary sense as a word of purchase; (3) that the will did not create an estate tail.

Argued March 9, 1897. Appeal, No. 26, Jan. T., 1897, by Harriet E. Fetherman, Executrix of Peter H. Fetherman, from decree of O. C. Monroe County, discharging rule for citation. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Rule to show cause why a fund held by the executor of Charles Fetherman, should not be paid to the executrix of Peter H. Fetherman.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in discharging rule to show cause.

*Harry C. Cope,* for appellant.—The testator having given Peter an absolute estate by the second item of his will, in order

to cut this absolute estate down to an estate for life the burden of proof is upon the appellee to show by clear, unequivocal evidence that the testator intended to bequeath a less estate : Kiefel v. Keppler, 173 Pa. 184; Coles v. Ayres, 156 Pa. 200 ; Good v. Fichthorn, 144 Pa. 287; Heck's Est., 170 Pa. 232; Evans v. Smith, 166 Pa. 625; Seitz v. Pier, 154 Pa. 467; Rea v. Bell, 147 Pa. 118; King v. Frick, 135 Pa. 575 ; Stevenson v. Fox, 125 Pa. 568; Mickley's App., 92 Pa. 514; Fitzwater's App., 94 Pa. 146 ; Smith's App., 23 Pa. 11.

That Peter never made any demand during his life for the principal fund does not prove that he had no greater estate than a life. estate : Silknitter's App., 45 Pa. 367; Boies' Est., 177 Pa. 190.

The trust estate was not created to preserve the share for the children or to provide a protection for them against their father : Bush's App., 33 Pa. 87 ; Wentz's App., 106 Pa. 308.

The will created an estate tail: Levy's Est., 153 Pa. 179; Alpass v. Watkins, 8 T. R. 516 ; Haldeman v. Haldeman, 40 Pa. 35 ; Guthrie's App., 37 Pa. 13 ; Yarnall's App., 70 Pa. 342; Mason v. Ammon, 117 Pa. 127.

*David S. Lee, Joseph H. Shull* and *Staples & Erdman*, for appellee, were not heard, but cited in their printed brief : Reck's App., 78 Pa. 432; Sheets' Est., 52 Pa. 263; Urich's App., 86 Pa. 390; Livezey's App., 106 Pa. 201; Snyder's App., 95 Pa. 174 ; Harbster's Est., 133 Pa. 351 ; Eichelberger's Est., 135 Pa. 171; Dodson v. Ball, 60 Pa. 492; Wickham v. Berry, 55 Pa. 72; Shankland's App., 47 Pa. 113 ; Bentley v. Kauffman, 86 Pa. 99; Ritter's Est., 148 Pa. 577.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 24, 1897 :

This appeal of Harriet E. Fetherman, executrix, etc. of Peter H. Fetherman, deceased, from the decree discharging her rule to show cause, etc., involves the construction of the will of Charles Fetherman, the father of appellant's late husband.

After providing for the payment of debts, etc., Charles Fetherman, in the second item of his will, gave all his property, real, personal and mixed, to his six children, by name (one of whom was his son Peter H.) " share and share alike."

In a subsequent item, he provided for a public or private

sale, by his executoɪ, of all the real estate of which he died seized.

In the third item he created, as to his son Peter's share or interest in his estate, an active, special trust, etc. in the words following:

"Item. I hereby direct that the share of my estate devised and bequeathed to my son Peter H. Fetherman shall be paid to a trustee to be appointed by the orphans' court, . . . . and the said trustee, having fully qualified, shall put and place the said share out at interest on good real security, or in the funded debt of the United States or of the state of Pennsylvania, or such other security as may be deemed sufficient by the said orphans' court, and shall pay over the interest or dividends thereof, from time to time, when the same shall be received, to my son Peter H. Fetherman, during his natural life, free from his debts, contracts or engagements; and, from and after his decease, then, as to the principal, in trust to and for the only proper use and benefit of all and every child and children by his first wife which he my said son Peter H. Fetherman may leave and the lawful issue of any of them who may then be deceased, having left such issue, to be equally divided between them share and share alike, such issue of any deceased child or children of my said son Peter taking, however, only such part or share thereof as his, her or their deceased parent or parents would have taken, had he, she or they been living."

When the will was executed in March, 1891, testator's son Peter had six children living, five by his first, and one by his second wife. The first wife's children were parties to this proceeding, some of them by attorney, and the others by their respective guardians. The trustees duly appointed by the court under the special trust above quoted were also made parties thereto, and united with said children in denying that appellant, as executrix, etc. of her late husband, or otherwise, had any right to or interest in the corpus of said trust in their hands or any part thereof; and their contention was fully sustained by the court below. Hence this appeal.

A careful consideration of the provisions of the will leaves us in no doubt as to the accuracy of the conclusion reached by the learned president of the orphans' court. Any other construction of the will would not only defeat the manifest inten-

tion of the testator, but it would do great violence to the language employed by him in creating the trust as to the share of his son Peter. The second and third items of the will must be read and considered together. When so considered, it is quite clear he never intended that the one sixth of his estate given to Peter in the second item should go to him absolutely, to be disposed of as he might see fit. On the contrary, he clearly intended that it should go into the hands of a trustee or trustees appointed by the court to be invested in the manner specifically directed in the third item, and that the income, interest and dividends thereof should, from time to time as received by the trustees, be paid to his son Peter during his natural lifetime, etc., and from and after his decease, the principal or corpus of the trust should be " to and for the only proper use and benefit of " Peter's children by his first wife. In other words, as to the share in question, the testator created an active special trust, for and during Peter's natural life with limitation over of the corpus of the trust to his children by his first wife. That intention being clearly and distinctly expressed, and being at the same time unquestionably lawful, there is no reason why it should not be given full effect.

There is nothing in either of the assignments of error that requires extended discussion. The language employed by the testator is clearly insufficient to create an estate tail. The word " children " is primarily a word of purchase, and there is nothing whatever in the context to indicate that it was intended to be employed in any other sense.

Decree affirmed and appeal dismissed at appellant's costs.